The Honorable Jan A. Judy State Representative 202 W. Maple Street Fayetteville, AR 72701-4132
Dear Representative Judy:
You have presented the following questions for my opinion:
 (1) Is it mandatory that the county allow qualified retirees to participate in its health care plan?
 (2) Once the retired participating employee reaches eligibility for Social Security and Medicare, may the county disallow further participation in its health care plan?
RESPONSE
Question 1 — Is it mandatory that the county allow qualified retirees toparticipate in its health care plan?
It is my opinion that under the provisions of A.C.A. § 24-12-128, it is mandatory for counties to allow qualified retirees to participate in the county health care plan.
A.C.A. § 24-12-128 states:
 When any county official or county employee retires and either is fifty-five (55) years or older and vested in the County Division of the Arkansas Public Employees' Retirement System or has thirty (30) or more years of actual service or thirty-five (35) years of credited service in the County Division of the Arkansas Public Employees' Retirement System regardless of age, the official or employee may continue to participate in the county health care plan as long as the official or employee pays both employer and employee contributions to the health care plan.
A.C.A. § 24-12-128.
The discretionary term "may," see Stilley v. James, 347 Ark. 74,60 S.W.3d 410 (2001), as used in the above quoted passage, applies to the retiree, rather than the county. That is, this provision leaves the decision as to whether to continue to participate in the county health care plan wholly within the discretion of the qualifying retiree. Because the qualifying retiree has full discretion to choose to participate, it follows that the county is required to permit that retiree to participate.
Question 2 — Once the retired participating employee reaches eligibilityfor Social Security and Medicare, may the county disallow furtherparticipation in its health care plan?
It is my opinion that the county may not disallow further participation in its health care plan on the grounds that a retiree has become eligible for Social Security or Medicare.
Although federal law provides that Medicare, which is a category of Social Security benefit, is the secondary payer for employees who have other coverage, see 42 U.S.C. § 1395y (the "Medicare as Secondary Payer Act"), this provision of federal law has generally been interpreted not to apply to retirees. See, e.g., Hammack v. Baroid Corp., 142 F.3d 266
(5th Cir. 1998); Santana v. Deluxe Corp. and John Hancock Mutual LifeIns. Co., 1998 W.L. 293752 (D. Mass. 1998); Medicare Beneficiaries'Defense Fund v. Empire Blue Cross Blue Shield, 938 F. Supp. 131
(E.D.N.Y. 1996); Perry v. Metropolitan Life Ins. Co., 852 F. Supp. 1400
(M.D. Tenn. 1994), rev'd on other grounds Perry v. United Food andCommercial Workers District Unions 405 and 442, 64 F.3d 238 (1995). That is, Medicare does not have automatic secondary payer status with regard to retirees who are covered by other health care plans. Op. Att'y Gen. No. 98-066.
Nevertheless, the fact that Medicare may be the primary payer for a county retiree does not relieve the county of the responsibility to comply with the mandate to permit retirees to participate in the county health care plan pursuant to A.C.A. § 24-12-128. Counties cannot take action that is contrary to state law. See Ark. Const., Am. 55, § 1; A.C.A. § 14-14-805(13).
I must therefore conclude that the county may not disallow further participation in the county health care plan by qualified retirees who have become eligible for Social Security or Medicare.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General