The Honorable John Threet Prosecuting Attorney Fourth Judicial District Washington County Courthouse 280 North College, Suite 301 Fayetteville, Arkansas 72701
Dear Mr. Threet:
I am writing in response to your request for an opinion on the following questions:
 As you know, A.C.A. § 24-12-128 provides that retired County employees may continue to participate in the County's healthcare plan so long as he or she pays both employer and employee contributions to the healthcare plan.
 Can the County require any such retirees who reach the age of 65 to enroll in Medicare Part A, B and C if the County gives the retiree credit for any Medicare premiums? If so, may the County Health Plan provide that Medicare shall become the primary insurer and the County insurance shall become secondary?
RESPONSE
In my opinion the answer to your first question is "no" under state law. An answer to your second question is therefore unnecessary. *Page 2 
 Question 1 — Can the County require any such retirees who reaches theage of 65 to enroll in Medicare Part A, B and C if the County gives theretiree credit for any Medicare premiums?
In my opinion the answer to this question is "no." As you note, the applicable statute is A.C.A. § 24-12-128 (Repl. 2002). It provides in pertinent part as follows:
 When any county official or county employee retires and either is age fifty-five (55) or older and vested in the County Division of the Arkansas Public Employees' Retirement System or has thirty (30) or more years of actual service or thirty-five (35) years of credited service in the County Division regardless of age, the official or employee may continue to participate in the county health care plan as long as the official or employee pays both employer and employee contributions to the health care plan.
Your first question is whether a county can require retirees who reach age sixty-five to enroll in Medicare as long as the county gives the retiree credit for the Medicare premiums.
An analogous question was addressed in Op. Att'y Gen. 2003-235. In that opinion, one of the questions posed was whether a county could disallow further participation in its health plan to retired employees once such employees reached eligibility for Social Security and Medicare. The applicable statute was A.C.A. § 24-12-128, the same statute you reference above. My predecessor concluded that the answer was "no." He first set out some discussion of the applicable federal law regarding the relationship of Medicare coverage to the health insurance benefits of retirees, as follows:
 Although federal law provides that Medicare, which is a category of Social Security benefit, is the secondary payer for employees who have other coverage, see 42 U.S.C. § 1395y (the "Medicare as Secondary Payer Act"), this provision of federal law has generally been interpreted not to apply to retirees. See, e.g., Hammack v. Baroid Corp., 142 F.3d 266 (5th Cir. 1998); Santana v. Deluxe Corp. and John Hancock Mutual Life Ins. Co., 1998 W.L. 293752 (D. Mass. 1998); Medicare Beneficiaries' Defense Fund v. Empire Blue Cross Blue Shield, 938 F. Supp. 131
(E.D.N.Y. 1996); Perry *Page 3 v. Metropolitan Life Ins. Co., 852 F. Supp. 1400
(M.D. Tenn. 1994), rev'd on other grounds Perry v. United Food and Commercial Workers District Unions 405 and 442, 64 F.3d 238 (1995). That is, Medicare does not have automatic secondary payer status with regard to retirees who are covered by other health care plans. Op. Att'y Gen. No. 1998-066.
Id. at 5, also citing Op. Att'y Gen. 98-066.[1]
Despite the conclusion above, my predecessor also concluded that: "Nevertheless, the fact that Medicare may be the primary payer for a county retiree does not relieve the county of the responsibility to comply with the mandate to permit retirees to participate in the county health care plan pursuant to A.C.A. § 24-12-128. Counties cannot take action that is contrary to state law. See Ark. Const., Am. 55, § 1; A.C.A. § 14-14-805(13)." Id.
Thus, as explained in Opinion 2003-235, although federal law might have created no obstacle to the proposed action, state law nonetheless required counties to provide health care coverage to qualifying retirees. As stated in Op. Att'y Gen. 2003-235, in discussing the mandatory nature of the benefits described in A.C.A. § 24-12-128:
 The discretionary term "may," see Stilley v. James, 347 Ark. 74, 60 S.W.3d 410 (2001), as used in [A.C.A. § 24-12-128], applies to the retiree, rather than the county. That is, this provision leaves the decision as to whether to continue to participate in the county health care plan wholly within the discretion of the qualifying retiree. Because the qualifying retiree has full discretion to choose to participate, it follows that the county is required to permit that retiree to participate.
Id. at 2.
State law thus affords county retirees the option of continued participation in the county health plan. As also noted in Op. Att'y Gen.2003-235, constitutional and statutory restrictions prevent counties from adopting ordinances that conflict with *Page 4 
state law. Specifically, Amendment 55, § 1 and A.C.A. § 14-14-805
provide in pertinent part as follows:
 Amendment 55, § 1
 (a) A county acting through its Quorum Court may exercise local legislative authority not denied by the Constitution or by law.
 14-14-805. Powers denied.
 Each county quorum court in the State of Arkansas exercising local legislative authority is prohibited the exercise of the following:
 * * * (2) Any legislative act that applies to or affects the provision of collective bargaining, retirement, workers' compensation, or unemployment compensation.
 * * * (13) Any legislative act contrary to the general laws of the state.
(Emphasis added).
In my opinion, therefore, a county quorum court is without power, under current state law, to require county retirees to enroll in Medicare with credit given for the Medicare premiums. State law governs the issue and allows county retirees the option of continued county coverage. The answer to your first question is therefore "no."
Question 2 — If so, may the County Health Plan provide that Medicareshall become the primary insurer and the County insurance shall becomesecondary?
An answer to this question is unnecessary in light of my response to Question 1, above. *Page 5 
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:ECW/cyh
[1] Federal law on this point does not appear to have changed appreciably since the issuance of Op. Att'y Gen. 2003-235.