**GREAT SOUTH BAY MEDICAL CARE, P.C., Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

No. CIV.00–5786.

United States District Court, E.D. New York.

May 23, 2002.

Quadrino & Schwartz, P.C., By Evan S. Schwartz, Garden City, NY, for Plaintiff.

Vinson & Elkins L.L.P., By Michael Zaitz, New York City, Tegan M. Flynn, Washington, D.C., for Defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

This is a diversity case brought by Plaintiff, Great South Bay Medical Care, P.C. ("GSB" or Plaintiff) against Defendant, Allstate Insurance Company ("Allstate" or "Defendant").

The dispute between the parties arises out of Allstate's refusal to pay no-fault insurance benefits to GSB for services allegedly rendered to individuals covered by policies of insurance issued by Allstate. GSB alleges, not only a right to payment for all services rendered but, in addition, that it has been defamed by Allstate. The defamation claim arises out of letters sent by Allstate, to its insureds, explaining Allstate's reasons for refusing payment to GSB. Those letters refer to GSB's billing practices as "misleading."

Allstate denies the allegations of the complaint and defends the defamation claim on the ground that all statements made were truthful. Additionally, Allstate claims, by way of an affirmative defense, that the court should abstain from exercising jurisdiction over this matter because the same issues raised in this lawsuit are the subject of pending state court litigation involving the same parties. Allstate also asserts a counterclaim for unjust enrichment, seeking repayment of approximately $8,000 in benefits it alleges were wrongfully paid to GSB.

Presently before the court are motions of both parties. GSB moves, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, to strike the affirmative defense supporting Allstate's abstention argument. GSB also seeks to dismiss Allstate's unjust enrichment counterclaim. Allstate opposes these motions and seeks to have this court abstain from deciding this case in favor of the pending state court proceeding. Finally, Allstate seeks

to amend its answer to set forth a claim for declaratory relief.

For the reasons set forth below, GSB's motions are denied. Allstate's motion to abstain in favor of the pending state court proceeding is granted and the motion to amend the answer is denied as moot.

## BACKGROUND

### I. Great South Bay and its Business

GSB alleges that it is a professional corporation ("P.C."), with its principal place of business in Patchogue, New York, that is engaged in the business of providing medical services. Many of GSB's patients are individuals who suffered injury as a result of their involvement in automobile accidents. Certain of these patients have been insured by Allstate. Rather than requiring payment in full for services rendered, GSB accepts the assignment of its patients' rights to collect benefits from Allstate. This assignment of rights allows GSB to collect payment directly from Allstate.

### II. Allstate's Refusal to Pay

Beginning sometime in 1998, Allstate began to refuse payment for services rendered to its insureds by GSB. Allstate's refusal to pay stems from allegations regarding the corporate structure of GSB. Allstate alleges that GSB is improperly incorporated as a professional corporation under the laws of the State of New York. According to Allstate, GSB, which holds itself out as a professional medical corporation (which can be properly incorporated only if controlled by medical doctors), is, in fact, controlled by two individuals who are chiropractors. Allstate alleges that this "fraudulent incorporation" allows GSB to bill for its services at a higher "medical" rate, rather than the non-medical rate to which it is entitled.

Allstate explained its reason for denial of payment to GSB in letters sent to insureds. The pertinent language in those letters are set forth in the complaint. They describe the billing practice of GSB as "misleading."

### III. Plaintiff's Complaint and Defendant's Affirmative Defenses and Counterclaim

It is Allstate's use of the word "misleading" in letters to insureds that forms the basis of GSB's first cause of action—libel per se. In addition to this defamation claim, GSB sets forth causes of action in breach of contract, unjust enrichment and pursuant to the New York State consumer fraud statute, Section 349 of the New York General Business Law ("Section 349").

Allstate denies the allegations set forth in the complaint. Of the several affirmative defenses alleged, the one that is relevant to the motions here is the first, which seeks to have this court abstain from asserting jurisdiction this action. Additionally, Allstate asserts a counterclaim seeking repayment of benefits already paid to GSB to which Allstate alleges there is no entitlement.

Allstate's abstention argument is based upon an action that is currently pending in the Supreme Court of the State of New York, County of New York, entitled *Progressive Northeastern Ins. Co., et al., v. Advanced Diagnostic and Treatment Medical, P.C., et al.*, No. 601112/00 (the "State Court Action"). According to Allstate's affirmative defense, GSB has "engaged in the very same pattern and practice of deceptive and misleading conduct as alleged by the Defendants in the State Court Action." The allegations and progress of that action are detailed below.

### IV. State Court Action

The State Court Action was commenced in March of 2000, by seventeen insurance companies, including Allstate. Named as

defendants therein are over one hundred medical providers, including GSB.[1] The plaintiff insurance companies' complaint in the State Court Action (the "State Court Plaintiffs") is in excess of 350 pages long and contains 164 separate claims for relief. It alleges a broad scheme to defraud, the specifics of which are strikingly similar to the allegations set forth in Allstate's affirmative defenses. Specifically, the State Court Plaintiffs allege that several medical doctors have sold the right to use their names in the formation of professional corporations under New York State law. These doctors are alleged to have had no real involvement in the corporations formed under their names. The corporations are, instead, alleged to be controlled by chiropractors and other individuals who would not, under New York law, be allowed to practice in the corporate form of a P.C. It is alleged that practice as a P.C., and the association of medical doctors, allows the state court defendants to carry out a fraudulent billing scheme.

The complaint in the State Court Action details the fraudulent billing scheme in the following manner. It is alleged that chiropractors and other non-medical personnel have billed the insurance companies as if treatment provided by a non-physician was provided by a physician, thus fraudulently allowing defendants to bill at a higher rate. In addition to practicing under a fraudulent corporate form, the defendants in the State Court Action are alleged to have rendered unnecessary treatment and to have billed insurance companies for care not actually rendered.

With respect to GSB, the State Court Action alleges that the company "regularly billed for medical services not provided by medical doctors." It is also alleged that GSB inflated its billing by seeking pay-ment under a surgery fee schedule when no surgery was performed and by billing for "temperature gradient studies" that were either unnecessary or not performed.

The factual allegations set forth in the State Court Action are stated in support of several state law claims, including common law fraud, unjust enrichment, restitution, Section 349, and the New York Public Health Law. Additionally, the State Court Action sets forth several civil RICO claims against various combinations of defendants, pursuant to 18 U.S.C. § 1962.

## V. Progress and Rulings in the State Court Action

Discovery in the State Court Action is ongoing, as are settlement discussions. Although no trial date appears to have been set, the court has ruled upon certain motions. Important to this litigation is the state court's ruling regarding the perpetration of a fraud by way of the corporate structure of the medical provider defendants—the precise issue raised by Allstate here by way of an affirmative defense.

Like GSB here, the defendants in the State Court Action sought to have fraud claims dismissed on the ground that an entity's corporate structure has no bearing on the issue of whether or not that entity is entitled to payment for services rendered. State Supreme Court Justice Gammerman refused to dismiss the fraud claims, holding that the defendants had misconstrued the insurers' claims. According to Justice Gammerman, a fraud claim was held to have been stated by alleging that defendants used the improper corporate structure to facilitate their fraudulent billing practices. Since the ruling on the motions to dismiss, certain dispositive motions for summary judgment

---

1. While GSB was not initially named in the State Court Action, an entity alleged by Allstate to handle GSB's billing, was a defendant and GSB has since been added as a defendant therein.

have been filed and are currently pending before Justice Gammerman.

## VI. *The Parties' Motions*

GSB moves to dismiss the affirmative defense of abstention as well as the counterclaim for failure to state a claim. All-state, on the other hand, seeks to have this court abstain from the exercise of jurisdiction in favor of the State Court Action. In the event that abstention is not ordered, Allstate seeks leave to amend its answer and counterclaim to assert a cause of action for a declaratory judgment.

## DISCUSSION

### I. *Legal Principles*

#### A. *Standards For A Rule 12(c) Motion Directed to the Pleadings*

A motion to dismiss, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, is judged by the same standards applicable to a Rule 12(b)(6) motion to dismiss. *Irish Lesbian, Gay Organization v. Giuliani,* 143 F.3d 638, 644 (2d Cir. 1998). The allegations of the complaint are to be accepted as true and all reasonable inferences therefrom are to be drawn in favor of the non-moving party. *Id.* "Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which could entitle the plaintiff to relief, the court cannot grant defendant's motion for judgment on the pleadings." *Mennella v. Office of Court Administration,* 938 F.Supp. 128, 131 (E.D.N.Y.1996), quoting, *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994).

#### B. *Abstention*

■ Principals set forth by the Supreme Court in *Colorado River Water Cons.Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), allow a federal court to abstain from exercising jurisdiction over a case where there is pending a parallel state court proceeding and certain other factors weigh in favor of abstention. *See Colorado River Water Cons.Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *General Reinsurance Corp. v. CIBA–Geigy Corp.,* 853 F.2d 78, 81 (2d Cir.1988). Lawsuits are considered "parallel" if "substantially the same parties are contemporaneously litigating substantially the same issues in different forums." *Dittmer v. County of Suffolk,* 146 F.3d 113, 118 (2d Cir.1998), quoting, *Day v. Union Mines, Inc.,* 862 F.2d 652, 655 (7th Cir.1988). A finding that proceedings are parallel is a necessary prerequisite to the exercise of *Colorado River* abstention. *Dittmer,* 146 F.3d at 118.

■ Where parallel proceedings exist, a court determines whether to exercise its power to abstain by consideration of the factors set forth by the Supreme Court in *Colorado River* and its progeny. These factors are:

- whether either court has exercised in rem jurisdiction over property in dispute;
- the relative convenience of the fora;
- the order in which jurisdiction was obtained;
- whether piecemeal litigation may be avoided by abstention;
- whether state or federal law applies to disposition of the claims, and
- the ability of the state court to protect the right of a federal plaintiff.

■ No single factor is determinative and the decision of whether to abstain is left to the sound discretion of the trial court. *See Moses H. Cone Memorial Hospital v. Mercury Constr. Co.,* 460 U.S. 1, 21, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Colorado River,* 424 U.S. at 818–19, 96 S.Ct. 1236; *Woodford v. Community Action Agency of Greene Cty., Inc.,* 239 F.3d 517, 522 (2d Cir.2001).

The parties are in agreement as to the factors to be considered by the court in determining whether to exercise the discretion to abstain. It is the application of those factors here where Plaintiff and Defendant part company, and to which the court now turns.

## II. *The Propriety of Abstention*

### A. *The Actions Are Parallel Proceedings*

■ At the outset, the parties disagree as to whether this action is properly considered as an action that is parallel to the State Court Action. As noted, actions are parallel if substantially the same parties are litigating substantially the same issues in different forums. *Dittmer,* 146 F.3d at 118.

GSB and Allstate are both parties to the State Court Action. The claims raised against GSB here and in the State Court Action are the same. Importantly, the core of most of the insurers' claims in the State Court Action are identical—fraudulent incorporation facilitated fraudulent billing. It is this precise claim raised here by Allstate. These facts indicate that the State Court Action is a parallel proceeding to the action pending here.

Arguing against such a finding, GSB makes much of the fact that the State Court Action names multiple defendants (not named here) against whom several different insurers (other than Allstate) make various claims. While the State Court Action names numerous defendants in addition to GSB, this factor alone does not render the proceedings non-parallel. *See Bernstein v. Hosiery Mfg. Corp. of Morganton, Inc.,* 850 F.Supp. 176, 184 (E.D.N.Y.1994) (*Colorado River* abstention does not require identical parties in federal and state proceedings).

Nor is the court persuaded by GSB's argument that the presence of additional legal theories in both actions destroys the parallel nature of the proceedings. Neither GSB's raising of a defamation claim nor the naming of certain defendants in RICO causes of action alters the conclusion that the cases are factually identical as they relate to the parties to this lawsuit. *See Garcia v. Tamir,* 1999 WL 587902 *3 (S.D.N.Y. August 4, 1999) (presence of different theories or causes of action does not destroy finding that claims are parallel, so long as the causes of action are "comprised of the same essential issues").

In view of the foregoing, the court holds that the State Court Action is a parallel proceeding to the action herein. Accordingly, the requisite for the exercise of *Colorado River* abstention has been met.

### B. *Factors Favoring the Retention of Federal Jurisdiction*

#### 1. *Exercise of In Rem Jurisdiction*

■ There is no *res* over which either court has exercised jurisdiction. The absence of this factor has been held to favor the retention of federal jurisdiction. *Woodford v. Community Action Agency of Greene Cty., Inc.,* 239 F.3d 517, 521–22 (2d Cir.2001).

#### 2. *Convenience of the Fora*

The State Court Action is pending in New York County and this case in the Eastern District of New York. While one venue may be more convenient to a party, neither is significantly inconvenient. Attorneys practicing in the New York metropolitan area routinely practice in both venues. The Second Circuit has held that where both courts are convenient, the factor is facially neutral and therefore weighs in favor of the retention of jurisdiction. *See Village of Westfield, N.Y. v. Welch's,* 170 F.3d 116, 122 (2d Cir.1999).

### C. Factors Favoring Abstention

#### 1. The Order in Which Jurisdiction Was Obtained

The case here was commenced by GSB shortly before Allstate added GSB as a defendant to the State Court Action. Allstate would have earlier named GSB, but a stay imposed by Justice Gammerman pending a decision on motions to dismiss, prevented that action. GSB has since been named in the State Court proceeding, a fact that surely came as no surprise to GSB.

Consideration of the order in which jurisdiction was obtained, however, depends not on the dates when the two actions were filed, but on the progress of the cases. *Arkwright–Boston Manufacturers Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 211 (2d Cir.1985). Both cases are in the discovery phase of the litigation, although greater progress appears to have been made in the State Court Action. Importantly, Justice Gammerman has ruled on several motions to dismiss and has thereby narrowed the issues for trial. Dispositive motions for summary judgment have been briefed and are awaiting disposition. Comparing the progress of the two actions leads the court to conclude that this factor weighs in favor of abstention.

#### 2. Avoidance of Piecemeal Litigation

This factor weighs heavily in favor of abstention. The State Court Action involves numerous insurance companies and health care providers. Justice Gammerman's ultimate decision will dispose of a great deal of the litigation involving the right to payment by improperly incorporated professional corporations. This is preferable to allowing GSB (and possibly other plaintiffs) to separately assert claims pursuant to this court's diversity jurisdiction and receive piecemeal rulings on a case by case basis. The factor of uniformity thus weighs heavily in favor of abstention. *Cf. General Reinsurance*, 853 F.2d at 81 ("classic example" of undesirable piecemeal litigation exists where all potentially liable defendants are parties in one lawsuit but one party in another lawsuit seeks a declaration of non-liability and other potentially liable defendants are not parties).

#### 3. Whether State or Federal Law Provides the Rule of Decision on the Merits

As to whether State or Federal issues predominate, the answer is clear. Not only is there a complete absence of any federal law in this case, the state law at issue is novel, unsettled, and currently winding its way through the lower courts of the State of New York.

The issue of how corporate formation relates to the right to receive payment is one that is particular to the law of the State of New York. The decision involves interpretation of the public policy underlying a state licensing statute. A decision by the state courts in this unsettled matter is preferable to this court exercising its "best bet" as to how New York law should be interpreted. Because this is not a "garden variety" diversity case involving the application of well-settled principals of state law, this factor weighs against the retention of federal jurisdiction and in favor of abstention. *See Arkwright–Boston*, 762 F.2d at 211.

It bears noting that it is no secret to the court or the parties that GSB relies on the decision in *State Farm Mut. Aut. Ins. Co. v. Mallela*, 175 F.Supp.2d 401 (E.D.N.Y. 2001), in support of its asserted right to payment. In *Mallela*, Judge Sifton of this district held that improper corporate formation, standing alone, could not be relied upon as a basis for denying the payment of insurance benefits for services rendered.

Not only is this court not bound by *Mallela,* the facts therein are distinguishable from those asserted here. Here, as in the State Court Action, it is alleged that the fraudulent incorporation "facilitated" fraudulent billing practices. Denying the particular defense asserted in *Mallela,* Judge Sifton commented that nowhere in that action did the insurer allege that services were provided by non-professionals. *Mallela,* 175 F.Supp.2d at 407. Thus, *Mallela,* stands for the narrow proposition that corporate formation, standing alone, is not be a proper basis for denial of payment. While this may or may not be the ultimate interpretation of state law by the courts of that state, its application here would not be dispositive.

Allstate's allegations of improper and fraudulent billing here (and in the State Court Action) are broader than the allegations of impropriety set forth in *Mallela.* In both actions it is alleged that GSB billed at higher medical rates for non-medical services and that unnecessary procedures were performed. Thus, even if this case remained in this forum, *Mallela,* would in no way mandate the result sought by GSB.

Moreover, in view of the fact that forum shopping is not to be encouraged, the presence of an arguably favorable federal court decision on a matter of state law has little or no bearing on the abstention decision. Indeed, it is arguable that the filing of this lawsuit by GSB, for the specific purpose of taking advantage of a favorable federal interpretation of state law, rather than being subject to a possibly disadvantageous state court interpretation, counsels against the exercise of jurisdiction. *See Telesco v. Telesco Fuel and Masons' Materials, Inc.,* 765 F.2d 356, 363 (2d Cir.1985) ("reactive" nature of federal litigation may properly influence abstention decision) (quoting *Moses H. Cone,* 460 U.S. at 17 n. 20, 103 S.Ct. 927).

### 4. *The Ability of the State Court to Protect the Rights of the Plaintiff*

There is no question but that the rights of GSB can be adequately protected by the state court. The claim raised by GSB that is particular to this proceeding, defamation, is a state law claim. That claim can be raised by way of a counterclaim in the State Court Action and is one that can be easily and accurately analyzed by the state court.

### III. *Disposition*

The court is mindful that abstention under *Colorado River* requires a finding that "exceptional circumstances" exist to justify the surrender of federal court jurisdiction. *See Village of Westfield,* 170 F.3d at 124. Consideration of all factors here leads the court to conclude that this is a case where abstention is, indeed, appropriate. The court therefore grants Allstate's motion to abstain and dismisses this matter. All other motions made in connection with this case are denied as moot and can be raised in the context of the State Court proceeding as appropriate.

### *CONCLUSION*

The court grants Defendant's motion to dismiss in its entirety. In light of this disposition, the remaining motions are denied as moot. The Clerk of the Court is directed to close this case.

SO ORDERED.